# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SCORPCAST, LLC DBA HAULSTARS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00201-JRG |
| | § | |
| MEDIA SOLUTIONS CANARIAS, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Plaintiff Scorpcast, LLC dba HaulStars' ("Plaintiff") Motion to Stay Proceedings Pending *Inter Partes* Review ("Motion"). (Dkt. No. 11). On April 4, 2023, the Court issued an Order instructing Plaintiff to show cause within 10 days of the Order why this action should not be dismissed for failure to prosecute. (Dkt. No. 10). The Motion was Plaintiff's apparent response to the Order to Show Cause. Instead of addressing why Plaintiff failed to serve Defendant Media Solutions Canarias. ("Defendant"), Plaintiff simply moved to stay the case on the ground that this Court stayed litigation involving U.S. Patent No. 9,965,780 ("the '780 Patent"), which is also asserted in this case, pending the completion of IPR proceedings related to the '780 Patent.[1]

The Court finds that Plaintiff's Motion fails to explain the significant delay in Plaintiff's prosecution of this matter and, therefore, fails to respond meaningfully to the Court's Order to Show Cause. Accordingly, the Court finds that Plaintiff's Motion should be and is **DENIED**. The Court further **DISMISSES** this case **WITHOUT PREJUDICE** for want of prosecution.

The Clerk of Court is directed to **CLOSE** the above-captioned case.

---

[1] Ironically, Plaintiff challenged the Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review in the other proceedings.

## So Ordered this

**Apr 27, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE